We concur.
Wm. Harper, J. Johnston, B. F. Dunkin.
*333 Note. The bill and answer having been read, and exceptions argued, it is ordered, that the'exceptions of William F. Downs be over-ruled.
That the exceptions of other creditors be over-ruled, except so much as relates to the demand of William F. Downs, and that that demand, by reason of its being barred upon the principles of the statute of limitations, be entirely rejected.
That the injunction restraining suits at law against the administrator, be made perpetual.
And that it be referred to the Commissioner, to state the amount of demands allowed, adding the plaintiff’s costs to such of them as have been sued at law; and to state the balance which will remain in the hands of the administrator for distribution; showing, in different views, whether it will be more advantageous to the widow to take her dower, in a third, by distribution, and if a third be assigned to her, what payments have been made to her by the administraitor.
DAVID JOHNSON.
GROUNDS OF APPEAL.
William F. Downs, one of the creditors of the intestate, Hugh Wilson, appeals in the above stated case, and will move to reverse the circuit decree, on the grounds:
1st. That his demand against said estate is a specialty, and not barred by the statute of limitations.
2d. That the evidence proves that the demand was acknowledged by the intestate, within four years before his death, and subsequently by his administraitor, so as to take the case out of the statute.
3d. That the administrator of the intestate submitted the claim to arbitration, and the award is conclusive against the estate, and the creditors of the saíne.
4th. Because the question, as to the statute of limitations, was not made before the Commissioner on the reference, and, therefore, the case should go back to the Commissioner, on that ground.
YOUNG, for the motion.